**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| TCHANILE ABDOU BASSITOU, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 9:26-cv-701-JDK |
| | § | |
| DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOM ENFORCEMENT, | § | |
| | § | |
| Respondent. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Tchanile Abdou Bassitou is a citizen of Togo who entered the United States unlawfully almost two years ago. In October 2024, U.S. Immigration and Customs Enforcement detained Petitioner under 8 U.S.C. § 1225(b)(2)(A) pending removal proceedings. Now before the Court is Tchanile Abdou Bassitou's habeas petition under 28 U.S.C. § 2241, which seeks immediate release or, alternatively, a bond hearing. Docket No. 1. For the reasons set forth below, the Court **DENIES** the petition.[1]

To the extent Petitioner argues that he is entitled to relief by statute, the argument is foreclosed by *Buenrostro-Mendez v. Bondi*, which held that § 1225(b)(2)(A) mandates the detention without bond of unadmitted aliens like

[1] A district court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After a careful review of the petition, the Court determines that an answer from Respondents is unnecessary. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).

Petitioner for the duration of their removal proceedings. 166 F.4th 494, 508 (5th Cir. 2026).

To the extent Petitioner seeks relief under the Fifth Amendment's Due Process Clause, the argument is foreclosed by the precedential stay order issued in *Sosnava Rodriguez v. Ortega*. 183 F.4th 387, 388 (5th Cir. 2026 (mem.) (en banc) (granting the government's request for a precedential order staying the district courts' judgments pending rehearing by the full Court regarding claimed due process violations).

Even without the stay, the Court would deny the petition because there is no due process violation here. Petitioner's procedural due process claim fails because "an alien who . . . is treated as an 'applicant for admission'" "has only those rights regarding admission that Congress has provided by statute," which is § 1225 here. *D.H.S. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *Diaz Patino v. Villegas*, 822 F. Supp.3d 718, 726 (N.D. Tex. 2026) (ICE detainee "is not entitled to a bond hearing as a matter of procedural due process"); *Morales v. Frink*, 2026 WL 836662, at *2 (S.D. Tex. Mar. 19, 2026) (same). Any substantive due process claim fails because detention under § 1225(b)(2)(A) is rationally related to legitimate government interests. *See Demore v. Kim*, 538 U.S. 510, 523, 526 (2003) ("[T]he Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings[.]"); *see also id.* at 528 ("[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."); *Diaz Patino*, 822 F. Supp.3d at 723–24

(citing *Demore* and concluding that, "[a]gainst that backdrop, the notion that substantive due process requires a bond hearing is untenable"); *Avalos v. Noem*, 2026 WL 1045944, at *1 (E.D. Tex. Mar. 10, 2026) (explaining that in *Demore* "the Supreme Court held that detention of aliens during removal proceedings comports with due process"); *see also Sosnava Rodriguez v. Ortega*, 180 F.4th 702, 740–42 (5th Cir. 2026) (Wilson, J., dissenting), *reh'g en banc granted, opinion vacated,* 181 F.4th 608 (5th Cir. 2026) (rejecting both procedural and substantive due process claims).

Petitioner argues that, according to *Zadvydas v. Davis*, 533 U.S. 678 (2001), his prolonged detention is impermissible under 8 U.S.C. § 1231. Docket No. 1 at 12. But § 1231 governs the detention and removal of aliens who are ordered removed, not detention of aliens pending a determination of removability. *See* 8 U.S.C. § 1231(a)(1)(A) (requiring an alien "ordered removed" to be removed "from the United States within a period of 90 days"); *see also Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (After the "removal order became administratively final," the "detention is now governed by 8 U.S.C. § 1231."). Here, Petitioner does not argue that he has been ordered removed, so § 1231 is inapplicable.

Accordingly, the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **8th** day of **September, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE